JOHN STIMSON *v.* JACOB A. CUMMINGS.

Stimson
*v.*
Cummings.

Certain notes of hand having been delivered by S. C. to S. as an indemnity, and the same having come into the hands of, and been collected by, J. C., it was held, in an action in favor of S., against J. C., to recover the amount thus collected, that S. C. was not a competent witness to prove that the notes had been obtained by him, with the consent of the attorney holding them for collection, and had been sold by him to the defendant for a valuable consideration.

This was an action of assumpsit, for money had and received.

Plea, general issue, and trial by jury.

On trial, the plaintiff gave evidence tending to prove, that one Stephen Cummings delivered to the plaintiff several notes of hand, to the amount of about four thousand dollars, to collect, and from the avails thereof, to pay and indemnify himself for liabilities he had incurred at the request of the said Stephen, and next, in trust, to pay and indemnify one Pliny Parker for his liabilities for said Stephen, and the remainder, or residue to be returned to said Stephen ; that, the plaintiff not being fully paid, nor said Parker, a part of said notes were, without the consent of the plaintiff, eloigned, and that the defendant had possession of the same, and had collected the money on a part thereof. The defendant then offered the said Stephen Cummings to prove that he obtained possession of a part of said notes, by the consent of the attorney, who held the same, and delivered to the defendant a part thereof ; and that the defendant purchased the same of him, in good faith, and for good consideration ; and that these were all he had collected. The plaintiff objected to the said Stephen as an incompetent witness, on account of interest, but the court overruled the objection and admitted the witness.

The jury returned a verdict for the defendant. To the decision of the court admitting the witness, the plaintiff excepted.

*R. Washburn,* for the plaintiff, contended,

1. That, in case of a recovery by the plaintiff against the defendant, the witness would be liable to the defendant on his implied warranty that he was the owner of the notes.

WINDSOR,
February,
1843.

Stimson
v.
Cummings.

`1 Swift's Dig. 384; 2 Kent's Com. 478 ; *Medina* v. *Stough-ton*, 1 Salk. 210.

2. That the interest of the witness was not balanced, because in case of a recovery by the plaintiff, against the defendant, the witness would not only be liable to the defendant for the amount of damages, but, also, for the costs of this suit. *Lewis* v. *Peake*, 7 Taunton, 153, (2 C. L. R. 54,); *Pitkin* v. *Leavitt*, 13 Vt. R. 379 ; *Marquand* v. *Webb*, 16 Johns. R. 89 ; *Butler* v. *Warren*, 11 Johns. R. 57.

3. That the witness was not competent to prove the defendant's title to the notes. *Parker* v. *Hammond*, 13 Vt. R. 242; 1 Sw. Dig. 782 ; 3 Stark. Ev. 1647.

*Tracy & Converse* and *C. French*, for the defendant.

The plaintiff held the notes merely as the trustee of the witness, who placed them in his hands voluntarily, and could recall them when he saw fit, and dispose of them as he chose. But should it be determined that the plaintiff has a right to maintain this action against Jacob A. Cummings, and he recovers in the suit, and thereby imposes a legal obligation on the witness, to the defendant, to the amount of the judgment thus obtained, the witness is not affected by such judgment, in any other manner than by the mere changing of his liability from the plaintiff to the defendant. If the defendant recover his costs, the witness' liability to the plaintiff remains unchanged. He was liable to the plaintiff when he delivered him the notes; and if he has taken them away before the liability was discharged, if the plaintiff can recover at all, he can recover no more than his claim against the witness; and might not so much, if the notes delivered to the defendant were of a less amount. Where, then, is the interest that shall exclude him from testifying for the defendant?

The opinion of the court was delivered by

HEBARD, J.—The defendant, to relieve himself from the imputation of having improperly obtained possession of the notes, offered the witness, Stephen Cummings, " to prove that he obtained possession of a part of said notes from the attorney who held them, and delivered to the defendant a

part thereof; and that defendant purchased the same of him in good faith, and for good consideration, and these were all he had collected."

The same principle that is involved in this case, was decided in the case of *Parker* v. *Hammond*, 13 Vt. R. 242; and little need be said in illustration of this case more than to refer to that.

It is a well settled principle of law, that, upon the sale of a chattel, the vendor warrants the title, and, in the case of a failure of title, upon suit brought, the measure of damage is the value of the chattel, and the cost of the former suit. *Lewis* v. *Peake*, 7 Taunton, 153.

The same doctrine is laid down in 3 Stark. Ev. 1647, that " a witness who is answerable to vendee, in case the title turn out to be defective, is not competent to support the title in an action aganst his vendee, founded on an alleged defect of title." If the plaintiff recovers in this suit, the defendant's claim upon the witness would be for the amount of the notes, and the cost of this suit. 2 Stark. Ev. 894. Stephen Cummings, having obtained these notes through the agency or permission of the attorney, would be liable to the plaintiff for the amount, whereas, having sold them to the defendant, with an implied warranty of title, at least, he would be liable to the defendant, on failure of title, in the amount of the notes, and the cost of this suit. He, therefore, has a preponderance of interest in favor of the defendant, and was not competent without a discharge.

*Judgment reversed.*